UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **PETER J. MOLLO,** | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil Action No. _____ |
| **YELP, INC.** | ) ) ) | |
| Defendant | ) ) ) | |

### Notice of Removal

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Yelp Inc. ("Yelp") hereby notices the removal to this Court of the civil action styled as *Peter Mollo v. Yelp, Inc.* [*sic*], from the Hampden County Superior Court, Department of the Trial Court of the Commonwealth of Massachusetts, Docket Number 2079CV00198, alleging breach of contract and violations under Mass. Gen. Laws. Ch. 93-A (the "State Court Action"). In support thereof, Yelp states the following:

1. Plaintiff Peter Mollo ("Mollo") serviced process on Yelp on June 22, 2020.

2. Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all process, pleadings, and orders served on Yelp in this action are attached hereto as **Exhibit 1**.

3. Pursuant to 28 U.S.C. § 1446(b), this notice of removal is timely filed within thirty (30) days after Mollo served Yelp with a copy of the initial pleading setting forth the claims for relief upon which his action is based.

**This Court Has Diversity Jurisdiction Over This Action And Yelp
Is Not A Local Defendant**

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the civil action is between citizens of different states.

5. Mollo, an individual, is a citizen of the Commonwealth of Massachusetts. Complaint, ¶ 1.

6. Pursuant to 28 U.S.C. § 1332(c), a corporation is deemed a citizen of the state in which it is incorporated and the state in which it maintains its principal place of business. Yelp is a corporation incorporated in Delaware and headquartered in California. Id. ¶ 2. Yelp is therefore a citizen of Delaware and California.

7. Mollo seeks damages related to an alleged breach of contract and related claims under Massachusetts state law. The alleged damages include "[r]ecovery for the foreseeable losses suffered by the plaintiff in the amount of $62,0505.00 (sic)" and "triple damages" pursuant to Mass. Gen. Laws. chapter 93A "in the amount of $187,515,00." Id. ¶¶ 30, 35.

8. Multiple damage claims should be included in the amount-in-controversy calculation. See F.C.I. Realty Trust v. Aetna Cas. & Sur. Co., 906 F.Supp. 30, 32 n. 1 (D.Mass.1995) (treble damages under Mass. Gen. Laws Chapter 93A "are a form of punitive damages, and '[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount.'") (citing Bell v. Preferred Life Assur. Soc., 320 U.S. 238, 240, 64 S.Ct. 5, 88 L.Ed. 15 (1943)).

9. Since Mollo asserts over $75,000 in damages when considering his single damages and claim for treble damages, his complaint meets amount-in-controversy requirement, exclusive of interests and costs. Therefore, pursuant to 28 U.S.C. § 1332(a), this Court would

have had original jurisdiction over this matter. Accordingly, this matter may be removed pursuant to 28 U.S.C. § 1441(b).

10. As required by 28 U.S.C. § 1441(d), a copy of this Notice of Removal has been filed with the Clerk of the Court in the State Court Action and served on all counsel of record.

11. Yelp makes no admission of fact, law, or liability in this Notice of Removal, and reserves all rights, claims, and defenses.

                                                Respectfully submitted,

                                                YELP, INC.
                                                By its attorneys,
                                                HOEFLE, PHOENIX, GORMLEY &
                                                ROBERTS, PLLC

Date: July 13, 2020                                      /s/ Jacob J.B. Marvelley_____
                                                Jacob J.B. Marvelley (BBO No. 683223)
                                                127 Parrott Avenue
                                                Portsmouth, NH 03801
                                                (603) 436-0666
                                                jmarvelley@hpgrlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2020, a true copy of the foregoing document was served by First Class U.S. Mail on counsel for Plaintiff, Alfred Chamberland, Esquire, 5 Arthur Street, Suite A, PO Box 217, Easthampton, MA 01027.

                                                /s/ Jacob J.B. Marvelley_____
                                                Jacob J.B. Marvelley (BBO No. 683223)