# Exhibit 1

# <u>ALFRED P. CHAMBERLAND</u>

## Attorney at Law
5 Arthur Street, Suite A
PO Box 217
Easthampton, MA 01027
Telephone (413) 529-0404   Fax (413) 529-0347
ATTORNEY.CHAMBERLAND@GMAIL.COM
www.attorneychamberland.com

**VIA US OVERNIGHT MAIL**
**ARTICLE NUMBER: EJ 125 396 713 US**

June 21, 2020

National Registered Agents Inc
155 Federal Street, Suite 700
Suffolk County
Boston, MA 02110

> **RE:   Peter Mollo v. Yelp, Inc.**
> **Hampden County Superior Court**
> **Civil Action Number: 20-0198**

Dear Sir or Madam:

    Please find enclosed for service of process:

- Summons;
- Civil Cover Sheet;
- Complaint;
- Civil Tracking Order; and
- Demand Letter to Yelp! Inc.

    Please take note that on the Secretary of the Commonwealth of Massachusetts' Coprorate Website, Yelp Inc! lists National Registered Agents as its agent for service. However, the website indicates that your address is located at 303 Congress Street, Suite 202, Boston, Massachusetts 02110. Thank you for your attention to this matter.

Very truly yours,

Alfred P. Chamberland

cc:   Peter Mollo
      file

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss                    SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION NO.

20 0198

PETER MOLLO, PLAINTIFF(S)

V.                            SUMMONS

YELP, INC., DEFENDANT(S)

To the above named defendant: YELP!, INC C/O NATIONAL REGISTERED AGENTS 155 FEDERAL ST #700 BOSTON, MASS 02110

You are hereby summoned and required to serve upon ALFRED P. CHAMBERLAND plaintiff's attorney, whose address is 5 ARTHUR ST, PO BOX 217 EASTHAMPTON, MASS an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esq., at Springfield the 14TH day of April in the year of our Lord two thousand twenty (2020)

Laura S. Gentile, Esquire
CLERK OF COURTS

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 20CV0198 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): PETER MOLLO<br>ADDRESS: 25 WILLIAM ST<br>APT #1<br>CHICOPEE, MA 01020<br>ATTORNEY: ALFRED P CHAMBERLAND<br>ADDRESS: BBO# 564151<br>5 ARTHUR ST - PO BOX 247<br>EASTHAMPTON, MASS 01027<br>BBO: 564151 | DEFENDANT(S): YELP, INC 9th fl<br>140 NEW MONTGOMERY ST<br>SAN FRANCISCO, CA 94105<br>ADDRESS: LOCAL AGENT<br>NATIONAL REGISTERED AGENTS<br>303 CONGRESS ST 2nd FL<br>BOSTON, MASS 02110 | COUNTY HAMPDEN |

TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| BE1 | Business Tort 93A | A | ☒ YES ☐ NO |

If "Other" please describe:

Is there a claim under G.L. c. 93A?    ☒ YES ☐ NO
Is this a class action under Mass. R. Civ. P. 23?   ☐ YES ☐ NO

STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

documented medical expenses to date:
1. Total hospital expenses ......... $_____
2. Total doctor expenses ......... $_____
3. Total chiropractic expenses ......... $_____
4. Total physical therapy expenses ......... $_____
5. Total other expenses (describe below) ......... $_____
   Subtotal (A): $_____

documented lost wages and compensation to date ......... $_____
documented property damages to date ......... $_____
reasonably anticipated future medical and hospital expenses ......... $_____
reasonably anticipated lost wages ......... $_____
other documented items of damages (describe below) ......... $_____

Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F): $_____

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Give a detailed description of claim(s): 93A CLAIM - TRIPLE DAMAGES ($187,515)
TOTAL: $ 63,525.51

Signature of Attorney/ Unrepresented Plaintiff: X _____ Date: 3-24-20

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____ Date: 3-24-20

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| Code | Description | Track |
|---|---|---|
| AA1 | Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 | Tortious Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 | Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 | Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 | Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

### CN Contract/Business Cases

| Code | Description | Track |
|---|---|---|
| A01 | Services, Labor, and Materials | (F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A04 | Employment Contract | (F) |
| A05 | Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 | Insurance Contract | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A14 | Interpleader | (F) |
| BA1 | Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 | Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 | Shareholder Derivative | (A) |
| BB2 | Securities Transactions | (A) |
| BC1 | Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 | Intellectual Property | (A) |
| BD2 | Proprietary Information or Trade Secrets | (A) |
| BG1 | Financial Institutions/Funds | (A) |
| BH1 | Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 | Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| Code | Description | Track |
|---|---|---|
| D01 | Specific Performance of a Contract | (A) |
| D02 | Reach and Apply | (F) |
| D03 | Injunction | (F) |
| D04 | Reform/ Cancel Instrument | (F) |
| D05 | Equitable Replevin | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Shareholder's Suit | (A) |
| D09 | Interference in Contractual Relationship | (F) |
| D10 | Accounting | (A) |
| D11 | Enforcement of Restrictive Covenant | (F) |
| D12 | Dissolution of a Partnership | (F) |
| D13 | Declaratory Judgment, G.L. c. 231A | (A) |
| D14 | Dissolution of a Corporation | (F) |
| D99 | Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| Code | Description | Track |
|---|---|---|
| PA1 | Contract Action Involving an Incarcerated Party | (A) |
| PB1 | Tortious Action Involving an Incarcerated Party | (A) |
| PC1 | Real Property Action involving an Incarcerated Party | (F) |
| PD1 | Equity Action involving an Incarcerated Party | (F) |
| PE1 | Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| Code | Description | Track |
|---|---|---|
| B03 | Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 | Other Negligence - Personal Injury/Property Damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice - Medical | (A) |
| B07 | Malpractice - Other | (A) |
| B08 | Wrongful Death - Non-medical | (A) |
| B15 | Defamation | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury - Slip & Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| BE1 | Fraud, Business Torts, etc. | (A) |
| B99 | Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| Code | Description | Track |
|---|---|---|
| S01 | Summary Process - Residential | (X) |
| S02 | Summary Process - Commercial/Non-residential | (F) |

### RP Real Property

| Code | Description | Track |
|---|---|---|
| C01 | Land Taking | (F) |
| C02 | Zoning Appeal, G.L. c. 40A | (F) |
| C03 | Dispute Concerning Title | (F) |
| C04 | Foreclosure of a Mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| Code | Description | Track |
|---|---|---|
| E18 | Foreign Discovery Proceeding | (X) |
| E97 | Prisoner Habeas Corpus | (X) |
| E22 | Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| Code | Description | Track |
|---|---|---|
| E15 | Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 | Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| Code | Description | Track |
|---|---|---|
| E02 | Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 | Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E06 | Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 | Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 | Appointment of a Receiver | (X) |
| E09 | Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 | Summary Process Appeal | (X) |
| E11 | Worker's Compensation | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 | Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 | Pleural Registry (Asbestos cases) | |
| E94 | Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 | Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 | Other Administrative Action | (X) |
| Z01 | Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 | Appeal Bond Denial | (X) |

### SO Sex Offender Review

| Code | Description | Track |
|---|---|---|
| E12 | SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 | SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| Code | Description | Track |
|---|---|---|
| E19 | Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 | Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a [statem]ent specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the [statem]ent as to the damages, shall be served with the complaint. A clerk-magistrate shall not accept for filing a complaint, except as [other]wise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.

**OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may [file wit]h his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.**

## COMMONWESTH OF MASSACHUSETTS

HAMPDEN , ss      TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARMTMENT
HAMPDEN COUNTY DIVISION

DOCKET NUMBER: 20 CV 0198

PETER MOLLO, )
)
    Plaintiff )
)
v. ) Civil Action No.
)
YELP INC, )
)
    Defendant )

### VERIFIED COMPLAINT

### JURY TRAIL DEMANDED

On or about October 10, 2018 the plaintiff contacted the defendant and explained that they had an active mediation practice in Brooklyn New York for over 22 years. The plaintiff explained that he had recently moved to Western Massachusetts and wanted to start a similar business in the greater Springfield, Massachusetts area. The defendants agreed to create a website for plaintiff with agreement that some pictures could be used from the Brooklyn New York website but the information on the new web site should reflect the address and telephone number for the new Massachusetts address. The defendant created the new website. The defendant copied everything from Brooklyn website. The defendant did not change the business address nor the telephone number. In December of 2019, the plaintiff had not received a single call for his mediation services. The plaintiff looked at

1

the website and learned that the defendant simply cut and paste the previous website utilizing the old Brooklyn address and phone number. Pursuant to Massachusetts General Laws, Chapter 93A, the plaintiff sent a demand letter to the defendant requesting a refund for setting up the website, monthly website maintenance and lost income. The defendant admitted fault but refused to issue a refund or provide any relief.

**PARTIES**

1. Plaintiff, PETER J. MOLLO, was at all times material to this complaint a citizen of the Commonwealth of Massachusetts. He resides in Chicopee Massachusetts in Hampden County. At the times of the incident giving rise to disciplinary proceedings, he was a resident residing at 25 William Street, Apartment 1, Chicopee, Massachusetts 01020.

2. Defendant, Yelp Inc., is a foreign corporation incorporated in Delaware and headquartered in California. The defendant's principal office is located at 140 New Montgomery Street, 9th Floor in San Francisco, California 94105.

3. The Defendant, Yelp Inc. operates nationally and internationally. The Defendant, Yelp Inc., conducts business in the Commonwealth of Massachusetts and was at all times relevant herein, operating within the Commonwealth. The Defendant Yelp Inc., maintains a Massachusetts in-state Registered Agent for Service located at "National Registered Agents, Inc., 303 Congress Street, 2nd Floor, Boston, Massachusetts 02110.

**JURISDICTION AND VENUE**

4. The Hampden County Superior Court has jurisdiction over this matter as the plaintiff resides in Hampden County, Massachusetts;

5. The Hampden County Superior Court has jurisdiction over this matter as the plaintiff entered

into a business agreement with the defendant in order to advertise for his mediation services located in Hampden County, Massachusetts and other western Massachusetts counties;

6. The Hampden County Superior Court has jurisdiction over the defendant pursuant to the Massachusetts Long Arm Statute, Massachusetts General Laws Chapter 223A, Section 3, as the defendant among other things, (a) transacts business in the Commonwealth and (b) contracts to supply services in the Commonwealth;

## STATEMENT OF FACTS

7. The plaintiff was licensed to practice law in New York;

8. The plaintiff had a successful general practice of law located in Brooklyn New York for twenty-two years;

9. As part of the plaintiff's practice of law, he engaged in providing mediation services and mortgage remediation;

10. In 2014, the plaintiff earned $62,050.00 by providing exclusively mediation services and mortgage remediation services;

11. In 2017, the plaintiff moved to western Massachusetts;

12. In 2019, the plaintiff decided that he would begin providing mediation services and mortgage remediation services;

13. On or about October 10, 2018, the plaintiff contacted the defendant in order to contract the defendant to set up a website and maintain that web site

14. The plaintiff explained that he had already established a website for his law practice in Brooklyn New York and requested that the defendant reformat the website by limiting the services to mediation and mortgage remediation. The plaintiff also requested that the

defendant reformat the website to include his Massachusetts address and his Massachusetts telephone number;

15. The defendant agreed to perform the requested services for a fee;

16. Between November 2018 and January 2019, the plaintiff paid the defendant $1,451.51 for reformatting and maintaining the website;

17. Approximately three months after engaging the defendant for website services, the plaintiff realized that he had not received a single call for mediation services or his mortgage remediation services.

18. The plaintiff looked at the website and realized that the defendant had failed to make the requested changes. Specifically, the defendant had merely cut and pasted the old website and had not changed the business telephone number and had not changed the business address;

19. Between January 2019 and December 2019, plaintiff made numerous telephone calls and sent at least one email to the defendant trying to resolve these issues by correcting the website and refunding the money for the time period that the website

20. During these communications the defendant acknowledged that it had erroneously included the wrong information.

21. The plaintiff requested that the defendant provide a refund of the money that he had paid;

22. The defendant refused to provide the plaintiff a refund;

23. The plaintiff than cancelled his agreement and ordered the defendant to stop any future billing;

24. Pursuant to Massachusetts General Laws, Chapter 93A, on December 12, 2020, the plaintiff sent a demand letter to the defendant. The letter was sent to Yelp!, 140 New Montgomery

4

Street, San Francisco, California 94105. The letter was sent via return receipt certified mail (Artilcle #7018-3090-0002-0609-9664). The letter was received by the defendant on December 18, 2019.

25. The defendant has been in possession of the plaintiff's demand letter for in excess of thirty (30) days and has failed to contact the plaintiff and make a reasonable offer to settle the claim.

## CLAIMS FOR RELIEF

### COUNT ONE

**MGL C 93A, Section 9 (Massachusetts Consumer Protection Act)**

26. The plaintiff restates that factual allegation in paragraphs 1 through 25;

27. Pursuant to Massachusetts General Laws, Chapter 93A, the plaintiff qualifies as a consumer and is entitled to protection under the statute;

28. The defendant's business practice amounts to unfair and deceptive acts which constitute a violation of and liability under the statute;

29. The plaintiff sent via return receipt certified US mail, a 30-day demand letter which was received at the defendant on December 18, 2019;

30. The defendant failed to make any response to the plaintiff's demand letter;

WHEREFORE, the Defendant is entitled to

(a) Recovery for the costs expended in the amount of $1,475.51;

(b) Recovery for the foreseeable losses suffered by the plaintiff in the amount of $62,0505.00

(c) Triple damages pursuant to the statute [M.G.L. c. 93A(3)] in the amount of $187,515.00;

(d) Attorney fees;

5

(e) Interest at the statutory rate; and

(f) Any other relief that the court deems appropriate.

## COUNT TWO

**MGL C 93A, Section 11 (Massachusetts Consumer Protection Act)**

31. The plaintiff restates that factual allegation in paragraphs 1 through 25;

32. Pursuant to Massachusetts General Laws, Chapter 93A, the plaintiff qualifies as a person engaged in a trade or commerce and is entitled to protection under the statute;

33. The defendant's business practice amounts to egregious misconduct and rises to a level of rascality which falls outside the bounds of the rough and tumble of the world of commerce;

34. The plaintiff sent via return receipt certified US mail, a 30-day demand letter which was received at the defendant on December 18, 2019;

35. The defendant failed to make any response to the plaintiff's demand letter;

WHEREFORE, the Defendant is entitled to

(g) Recovery for the costs expended in the amount of $1,475.51;

(h) Recovery for the foreseeable losses suffered by the plaintiff in the amount of $62,0505.00

(i) Triple damages pursuant to the statute [M.G.L. c. 93A(3)] in the amount of $187,515.00.

(j) Attorney fees;

(k) Interest at the statutory rate; and

(l) Any other relief that the court deems appropriate.

6

## COUNT THREE

**BREACH OF CONTRACT**

36. The plaintiff restates that factual allegation in paragraphs 1 through 25;

37. The plaintiff made and offer to the defendant to provide services for a fee;

38. The defendant accepted the offer;

39. The plaintiff paid the negotiated fee to the defendant as consideration for the services promised;

40. The defendant failed to provide the services that were promised

41. The plaintiff suffered damages which were the direct and proximate cause of the defendant's breach of the agreement;

WHEREFORE, the Defendant is entitled to

(a) Recovery for the costs expended in the amount of $1,475.51;

(b) Recovery for the foreseeable losses suffered by the plaintiff in the amount of $62,0505.00

(c) Interest at the statutory rate; and

(d) Any other relief that the court deems appropriate.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,
The Plaintiff
By his Attorney

Dated: 3/23/2020

Alfred P. Chamberland
BBO# 564151
5 Arthur Street, PO Box 217
Easthampton, MA 01027
Office (413) 529 0404
Fax (413) 529-0347
Cell (413) 210-6579
E-mail: Attormney.Chamberland@gmail.com

## VERIFICATION

I, Peter J. Mollo, hereby depose and certify that I have read the allegations contained in the 7 pages and 41v paragraphs and that the facts alleged are true to the best of my knowledge, belief and memory. I sign this verification under the pains and penalties of perjury.

_____  Date: 3/24/2020
Peter J. Mollo

8

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2079CV00198 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Mollo, Peter vs. Yelp Inc. | | Laura S Gentile, Clerk of Courts |
| TO: Alfred P Chamberland, Esq. Law Office Of Alfred P. Chamberland 5 Arthur St PO Box 217 Easthampton, MA 01027-0217 | | COURT NAME & ADDRESS Hampden County Superior Court Hall of Justice - 50 State Street P.O. Box 559 Springfield, MA 01102 |

### TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                                                 **DEADLINE**

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 07/13/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 08/11/2020 | |
| All motions under MRCP 12, 19, and 20 | 08/11/2020 | 09/10/2020 | 10/13/2020 |
| All motions under MRCP 15 | 06/07/2021 | 07/07/2021 | 07/07/2021 |
| All discovery requests and depositions served and non-expert depositions completed | 04/04/2022 | | |
| All motions under MRCP 56 | 05/03/2022 | 06/02/2022 | |
| Final pre-trial conference held and/or firm trial date set | | | 09/30/2022 |
| Case shall be resolved and judgment shall issue by | | | 04/13/2023 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.
Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.
This case is assigned to

| DATE ISSUED 04/14/2020 | ASSISTANT CLERK | | PHONE |
|---|---|---|---|

Date/Time Printed: 04-14-2020 11:59:22    SCV026\ 08/2018

Demand Letter Pursuant to Mass General Law Chapter 93 (A)

To:  Yelp, Inc. Chief Executive Officer
     140 New Montgomery Street
     San Francisco, California 94105
From: Peter J. Mollo
      25 William Street Apt 1
      Chicopee, MA 01020

I hereby make a demand for compensation of $187,625.51 for unauthorized payments of $1475.51 and $62,050 which was my adjusted gross income for 2014 which was my last year of full employment. Due to Yelp!'s behavior I have made no income whatsoever from my practice. Mass. General Law Chapter 93A Section 2 provides for treble damages.

On or about October 10, 2019 I called Yelp! and told their staff that I was a counselor in New York City specializing in mediation and mortgage modification. I explained that I had an active practice in Brooklyn for 22 years. I asked Yelp! staff to assist me in creating a business presence in the Springfield area of Western Massachusetts where I now reside.

I explained that I had mersa pneumonia, was in a coma for 3 months and almost died. I was hospitalized for about a year and am seeking to make a new start. The Yelp! staff agreed to put up a new website. I agreed that they could use pictures from my old website but with my new Massachusetts address and phone number. During December of 2019 I realized that no calls were coming to my number for my work. When I investigated I found that Yelp! staff had simply put up the pictures AND all the old information from my old website which only had Brooklyn information.

I called Yelp! staff and they acknowledged that they had erroneously put up the wrong information. At that time I respectfully requested a refund which they refused. I was surprised at your response since my whole purpose in contacting Yelp! is that I am trying to start a business in Western Massachusetts.
I even explained that I am living on Social Security and pension and I cannot afford to lose $1475 for no value. I know that Yelp! Inc has over one billion dollars annual income. Yelp!, Inc. could certainly afford to refund my money which I paid in good faith.

Mass. General Law Chapter 93A section 2 provides treble damages for unfair methods of competition and unfair or deceptive acts or promises in the conduct of any trade or commerce. I have described the basis of my claim and state that had Yelp!, Inc. staff simply done their job correctly and carefully in the first place my damages would not have accrued.

Therefore I am demanding compensation of $187,625.51 which is three times the unauthorized payments of $1475.50 and $62,050 lost income based upon my income tax from the last year I did counseling and mediation. I am enclosing my bank statements and income tax to document these amounts.

Kindly contact me as soon as possible with your response.

Sincerely,

*[signature]*

Peter J. Mollo

cc: Scott Sawyer, Esq