UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| **PETER J. MOLLO,** | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. 3:20-cv-30111-MGM |
| **YELP INC.,** | ) | |
| Defendant | ) | |

**Memorandum in Support of Defendant Yelp Inc.'s
Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and
<u>Alternative Motion to Transfer Pursuant to 28 U.S.C. § 1404</u>**

**Introduction**

This is a business-to-business dispute between defendant Yelp Inc. ("Yelp") and a former advertiser. Plaintiff Peter J. Mollo ("Mollo") owns the former advertiser, a mediation business known as "Peter J. Mollo, ED.D." The parties' contract—which Mollo asserts and seeks to enforce in this action—contains an exclusive, mandatory forum selection clause and arbitration clause. The parties selected: (i) the American Arbitration Association in San Francisco, California to resolve disputes that arise out of or relate to the contract; and (ii) the state and federal courts located in San Francisco County to resolve all other disputes. In violation of those clauses, Mollo filed a complaint in Massachusetts State Court, claiming breach of the parties' contract and related violations of Mass. Gen. Laws chapter 93A. Yelp removed the case and seeks enforcement of the contract's forum selection clause.

1

While this Court cannot compel arbitration outside its judicial district, the law provides at least two options to enforce the forum selection clause. First, the First Circuit endorses dismissal without prejudice, leaving Mollo the opportunity to pursue his claims in accordance with the contract. Second, 28 U.S.C. § 1404 permits the Court to transfer the case to the venue the parties selected in their mandatory forum selection clause. Both options share a three-part analysis, so Yelp briefs those options together in this memorandum. Yelp primarily moves for dismissal but seeks transfer as an alternative remedy.

**Standard of Review**

The First Circuit treats "a motion to dismiss based on a forum selection clause as a motion to dismiss based on failure to state a claim pursuant to Rule 12(b)(6)." *Claudio-De Leon v. Sistema Universitario Ana G. Mendez*, 775 F.3d 41, 46 (1st Cir. 2014) (*Rivera v. Centro Médico de Turabo, Inc.,* 575 F.3d 10, 15 (1st Cir.2009)).

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *see also San Gerónimo Caribe Project, Inc. v. Acevedo–Vilá*, 687 F.3d 465, 471 (1st Cir.2012). The moving party bears the burden to demonstrate that even when viewed in the light most favorable to the plaintiff, the complaint lacks "sufficient factual matter" to state an actionable claim for relief that is "'plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When evaluating the sufficiency of the factual allegations contained in the complaint, the

court must be careful both to credit the factual assertions made by the plaintiff and to disregard "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679, 129 S.Ct. 1937. A complaint must survive a motion to dismiss if the facts alleged are sufficient as to each element to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955; *see also Lister v. Bank of Am., N.A.*, 790 F.3d 20, 23 (1st Cir.2015) ("Dismissal for failure to state a claim is appropriate if the complaint does not set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." (internal quotation marks omitted)).

While the Rule 12(b)(6) analysis is usually limited to the complaint's allegations, the Court may review certain outside documents without converting to a summary-judgment standard. Courts may review "documents the authenticity of which are not disputed by the parties . . . for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Watterson v. Page*, 987 F.2d 1, 3–4 (1st Cir. 1993); *see also Claudio-De Leon*, 775 F.3d at 46 (Rule 12(b)(6) permits Court to review contract when deciding motion to dismiss based on forum selection clause). Mollo's contract with Yelp falls into all three categories because he avers the parties formed a contract and he asserts breach of the contract and inapplicable consumer protection violations stemming from Yelp's performance of that contract. ECF 1-1, Complaint ¶ 15 (claiming Mollo paid Yelp for services); *id.* ¶ 16 (Mollo "cancelled his agreement"); *id.* at ¶¶ 36-41 (alleging breach of contract). The Court may therefore consider the contract, which is submitted with an authenticating declaration.

**Facts**

Taken as true solely for the purposes of resolving this motion (Yelp expressly denies Mollo's allegations and claims), Mollo owns an "active mediation practice." Complaint, page 1. Mollo claims he "contacted the defendant in order to contract the defendant to set up a website and maintain that web site[.]" ECF 1-1, Complaint ¶ 13. Yelp allegedly "agreed to perform the requested services for a fee," and Mollo paid Yelp $1,475.51 for its services. *Id.* ¶¶ 15, 30, 35, 41. MacBean Decl. ¶ 18 ("Mr. Mollo and Peter J. Mollo, ED.D paid a total of $1,475.51 for Yelp's advertising program").[1] Mollo alleges that Yelp "failed to make the requested changes" to Mollo's "website". *Id.* ¶ 18.[2] Mollo allegedly contacted Yelp for a refund, and Yelp declined to refund Mollo. *Id.* ¶¶ 19-22. Mollo then "cancelled his agreement and ordered the defendant to stop any future billing". *Id.* ¶ 23. Mollo's counts are pled in conclusory fashion but are styled as claims for breach of contract and violations of the Massachusetts Consumer Protection Act.

Mollo purchased a Yelp advertising program through Yelp's website. MacBean Decl. ¶ 14. To do so, "he had to complete an online form confirming payment information." *Id.* ¶ 15. The online form had, beneath it, a blue and white button labeled "Start Advertising". Directly above that button was the text: "By clicking Start Advertising, I agree to this Order Form and the Yelp Master Advertising Terms." *Id.* "The 'Yelp Master Advertising Terms' text was in blue font (the rest of the sentence was in black) and hyperlinked such that when Mr. Mollo clicked on the text, he was taken to a separate webpage showing the Yelp Master Advertising Terms." *Id.* Yelp submits a true and correct copy of the form as Mollo would have seen it. *Id.*; MacBean Decl. Ex.

---

[1] The Declaration of Ian MacBean is submitted herewith as **Exhibit 1**. Mr. MacBean's Declaration contains Exhibits A-D.

[2] It bears emphasis that these allegations are accepted only for the purpose of this motion. Contrary to Mollo's allegations, Yelp did not agree to set up or to maintain any website on behalf of Mollo's business.

C. Mollo could not have purchased the advertising without clicking on the "Start Advertising" button on the online form. MacBean Decl. ¶ 15.

The Yelp Master Advertising Terms (the "contract") contain the following mandatory forum-selection, arbitration, and choice-of-law clauses:

> **IX. Choice of Law and Arbitration**
>
> (a) Any controversy or claim arising out of or relating to this Advertising Agreement, or the breach thereof ("**Claim**"), shall be settled by arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. The arbitrator will issue a ruling in writing, and will detail all findings of fact and law upon which the ruling was made. The arbitrator will not have the power to commit errors of law or legal reasoning, and the ruling may be vacated or corrected through judicial review by a court of competent jurisdiction under the California Arbitration Act.
>
> (b) Claims shall be heard by a single arbitrator. Arbitrations will be held in San Francisco, California, but the parties may choose for themselves whether to appear in person, by phone, or through the submission of documents. The arbitration shall be governed by the laws of the State of California. The award of the arbitrators shall be accompanied by a reasoned opinion. The prevailing party shall be entitled to an award of reasonable attorney fees for any action under these Terms.
>
> (c) NOTWITHSTANDING THE FOREGOING, FOR ANY CLAIM THAT IS NOT SUBJECT TO ARBITRATION, YOU AGREE TO SUBMIT AND CONSENT TO THE PERSONAL AND EXCLUSIVE JURISDICTION IN, AND THE EXCLUSIVE VENUE OF, THE STATE AND FEDERAL COURTS LOCATED WITHIN SAN FRANCISCO COUNTY, CALIFORNIA, WHICH IS THE PLACE OF PERFORMANCE OF THIS ADVERTISING AGREEMENT.

MacBean Decl. ¶ 16; MacBean Ex. D at 4 (Emphasis in original).

**Analysis**

1. **The law favors enforcement of valid forum selection clauses.**

Since Yelp demonstrates a valid, mandatory forum selection clause that governs Mollo's claims, Mollo cannot overcome his burden to oppose dismissal or transfer. *M/S Bremen v.*

*Zapata Off–Shore Co.*, 407 U.S. 1, 17, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) (explaining that the party arguing that a forum selection clause is inapplicable "bear[s] a heavy burden of proof"); *In re Mercurio*, 402 F.3d 62, 66 (1st Cir.2005) (recognizing the " 'heavy burden of proof' " to overcome a forum selection clause on inconvenience grounds (quoting *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991))).

Courts enforce forum-selection clauses that meet a three-part test. The threshold question is "whether the clause at issue is permissive or mandatory." *Claudio-De Leon*, 775 F.3d at 46 (quoting *Rivera,* 575 F.3d at 17). Second, the Court ascertains the forum-selection clause's scope, and determines whether the plaintiff's claims fall within that scope. *Claudio-De Leon*, 775 F.3d at 47 (citing *Rafael Rodríguez Barril, Inc. v. Conbraco Indus., Inc.*, 619 F.3d 90, 92–93 (1st Cir.2010)). Lastly, the Court considers "whether there is some reason the presumption of enforceability should not apply." *Id.* at 47 (citing *Rafael Rodríguez Barril,* 619 F.3d at 93). That last consideration is made with a strong presumption that the forum-selection clause is enforceable. *Id. See also Firemen's Ins. Co. of Washington, D.C. v. ACE Am. Ins. Co.*, 390 F. Supp. 3d 267, 273 (D. Mass. 2019) ("Indeed, 'A valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases' ".) (quoting *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63, 134 S. Ct. 568, 575 (2013) (alteration in original)).

**2. As applied, the First Circuit's three-step test supports dismissal.**

    *a.  The forum-selection clause is mandatory.*

The forum-selection clause's language is unambiguously mandatory. The First Circuit has explained that

> Permissive forum selection clauses ... authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere ....In contrast,

mandatory forum selection clauses contain clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum.

*Claudio-De Leon*, 775 F.3d at 46 (quoting *Rivera,* 575 F.3d at 17).

The contract features "clear language indicating that jurisdiction and venue are appropriate exclusively" in San Francisco, California. The arbitration clause mandates that "Any controversy or claim arising out of or relating to this Advertising Agreement, or breach thereof ("Claim"), shall be settled by arbitration . . . ." MacBean Decl. Ex. D at 4. Those arbitrations "shall be …administered by the American Arbitration Association," …"will be held in San Francisco, California"… and "shall be governed by the laws of the State of California." *Id.* The language "will be held in San Francisco" is mandatory, not permissive.

For any claim that might escape the arbitration clause, the contract provides:

> NOTWITHSTANDING THE FOREGOING, FOR ANY CLAIM THAT IS NOT SUBJECT TO ARBITRATION, YOU AGREE TO SUBMIT AND CONSENT TO THE PERSONAL AND EXCLUSIVE JURISDICTION IN, AND THE EXCLUSIVE VENUE OF, THE STATE AND FEDERAL COURTS LOCATED WITHIN SAN FRANCISCO COUNTY, CALIFORNIA, WHICH IS THE PLACE OF PERFORMANCE OF THIS ADVERTISING AGREEMENT.

*Id.* (Emphasis in original). The language "personal and exclusive jurisdiction in, and the exclusive venue of" is mandatory, not permissive. Therefore, even if Mollo's claims were not arbitrable (though they clearly must be arbitrated), the parties' dispute needs to be litigated in San Francisco, California according to the terms of their contract.

### b. *The forum-selection clause encompasses Mollo's claims.*

The second step in evaluating the applicability of a forum-selection clause is to determine the clause's scope. *Claudio-De Leon* (citing *Rafael Rodríguez Barril*, 619 F.3d at 92–93). The Court conducts a "clause-specific analysis" of the parties' contract. *Id.*

7

As discussed above, the contract has two relevant provisions. First, the arbitration clause provides that "Any controversy or claim arising out of or relating to this Advertising Agreement, or breach thereof ("Claim"), shall be settled by arbitration . . . ." MacBean Decl. Ex. D at 4. Here, Mollo claims a breach of that very Advertising Agreement, which is explicitly governed by the contract's arbitration clause, and that clause mandates that the arbitration be held in San Francisco. Likewise, Mollo's two other claims—each based on the inapplicable Massachusetts Consumer Protection Act ("Chapter 93A")[3]—arise out of and relate to the contract. Mollo's allegations that Yelp's "business practice"—that is, Yelp's supposed "set up" and "maint[enance]" of a website for Mollo—was unfair and deceptive. Complaint ¶¶ 28, 33. *See, e.g., Carter's of New Bedford, Inc. v. Nike, Inc.,* 790 F.3d 289, 293 (1st Cir. 2015) (finding plaintiff's Chapter 93A claim to be within the scope of a contractual forum selection clause); *Huffington v. T.C. Group, Inc.,* 637 F.3d 18, 22 (1st Cir. 2011) (same).

Even assuming *arguendo* that one or more of Mollo's claims are not arbitrable, the contract intentionally and expressly provides that all other claims must be brought in "the state and federal courts located within San Francisco County, California." MacBean Decl. Ex. D at 4. Regardless of whether Mollo's claims are classified as arbitrable, the contract requires Mollo to bring his claims in California. The forum-selection clause therefore meets the second step towards enforceability.

   c.  *Mollo cannot surmount the resulting presumption of enforceability.*

Having met the first two steps of the test, the Court presumes that the forum-selection clause is enforceable. *Claudio-De Leon*, 775 F.3d at 48 ("Having established that the forum

---

   [3]  The Massachusetts Consumer Protection Act is inapplicable because the parties agreed to a California choice-of-law clause. MacBean Decl. ¶ 16; MacBean Ex. D at 4.

selection clause is mandatory and its scope covers Appellants' claims, the final step in evaluating the clause involves asking 'whether there is some reason the presumption of enforceability should not apply.'") (quoting *Rafael Rodríguez Barril*, 619 F.3d at 93). On the last step, the Court considers whether Mollo can defeat the presumption of enforceability.

On this last step, the analysis may vary slightly between a review pursuant to Rule 12(b)(6) and a motion to transfer pursuant to 28 U.S.C. § 1404. When reviewing a decision on a 12(b)(6) motion, the First Circuit has explained that the Court must decide whether a plaintiff has made the requisite "strong showing" that the forum-selection clause is "unreasonable under the circumstances". To do that, the Court considers four possible grounds:

> (1) the clause was the product of "fraud or overreaching";
> (2) "enforcement would be unreasonable and unjust";
> (3) proceedings "in the contractual forum will be so gravely difficult and inconvenient that [the party challenging the clause] will for all practical purposes be deprived of his day in court"; or
> (4) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision."

*Claudio* at 48-49 (quoting *Rafael Rodríguez Barril,* 619 F.3d at 93 (alteration in original)).

When deciding a defendant's motion to transfer, the Federal District of Massachusetts has employed a test that is even less hospitable to Mollo. *Firemen's Ins. Co. of Washington, D.C.*, 390 F. Supp. 3d at 273. In that case, the Court explained that, when "deciding whether to transfer a case based on a mandatory forum-selection clause, the district court may consider only the public-interest factors which rarely defeat a motion to transfer." *Id.* (citing *Atl. Marine*, 571 U.S. at 64). Those factors are limited to:

> the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.

*Id.* (quoting *Atl. Marine*, 571 U.S. at 62 n.6). "The burden of showing that the public-interest factors overwhelmingly disfavor the requested transfer rests on the nonmoving party." *Id.* (citing *Atl. Marine*, 571 U.S. at 67, 134 S.Ct. 568).

Mollo cannot meet his high burden under either test. Mollo had a choice of vendors and selected Yelp. Before he could pay for and subscribe to Yelp's services, he had to agree to the contract's terms. MacBean Decl. ¶ 14. The language is clear, sorted under an accurate, descriptive heading ("Choice of Law and Arbitration"), and the catch-all part of the forum-selection clause is in all capital letters. MacBean Decl. Ex. D at 4. The contract also provides that the place of performance is in California, and that California law shall govern the mandatory arbitration of breach of contract claims. *Id.* Since this Court likely cannot compel an arbitration to occur in San Francisco, dismissal or transfer is appropriate, so the trial court can enforce that clause. *Reynoso v. LaserShip, Inc.*, 322 F. Supp. 3d 211, 217 (D. Mass. 2018) ("because this Court cannot compel arbitration in another forum under the Federal Arbitration Act, 9 U.S.C. § 4, *Ansari v. Qwest Commc'ns Corp.*, 414 F.3d 1214, 1219–20 (10th Cir. 2005) (collecting cases), it is appropriate instead to transfer the case.").

Nor will proceeding in the agreed-upon venue and forum require Mollo to travel or create any other material difficulty for Mollo. Under the contract, "the parties may choose for themselves whether to appear in person, by phone, or through the submission of documents." MacBean Decl. ¶ 16; MacBean Ex. D at 4.

Consideration of the traditional 28 U.S.C. § 1404 factors yields the same result. Yelp performs all of its advertising services from San Francisco and has no offices in Massachusetts. MacBean Decl. ¶ 11. Accordingly, most known witnesses—indeed all witnesses save for Mollo—and documents are in California. In addition, all aspects of the contract were performed

in California. *Firemen's Ins. Co. of Washington, D.C.*, 390 F. Supp. 3d at 273 (when deciding transfer, Court considers "the interest in having the trial of a diversity case in a forum that is at home with the law."); MacBean Decl. ¶ 16 (contract stipulates that it was performed in California); MacBean Ex. D at 4 (same). Further, California courts and arbitrators are best poised to decide the case, which is governed by California law. MacBean Decl. ¶ 16 (parties agreed to a California choice-of-law clause); MacBean Ex. D at 4 (same); *id.* (arbitration award reviewable under California Arbitration Act). Mollo's claims should be decided in the exclusive, pre-selected jurisdiction where the contracted-for services were performed, the local laws govern the claims, and the courts can enforce the parties' arbitration clause.

## Conclusion

The law provides that mandatory forum-selection clauses should be enforced when a party brings claims that fall within its scope. Mollo's action is predicated on the parties' contract. When Mollo contracted with Yelp, he agreed to the mandatory forum-selection clause. The Court should dismiss Mollo's claims without prejudice, so that he may re-file his claims in accordance with the contract. Alternatively, the Court should transfer this matter to the United States District Court for the Northern District of California—San Francisco Division.

Respectfully submitted,
YELP INC.
By its attorneys,
HOEFLE, PHOENIX, GORMLEY &
ROBERTS, PLLC

Date: July 20, 2020

/s/ Jacob J.B. Marvelley
Jacob J.B. Marvelley (BBO No. 683223)
127 Parrott Avenue
Portsmouth, NH 03801
(603) 436-0666
jmarvelley@hpgrlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 20, 2020, a true copy of the foregoing document was served by First Class U.S. Mail on counsel for Plaintiff, Alfred Chamberland, Esquire, 5 Arthur Street, Suite A, PO Box 217, Easthampton, MA 01027.

      /s/ Jacob J.B. Marvelley
      Jacob J.B. Marvelley (BBO No. 683223)