UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |  |
|---|---|---|
| PETER J. MOLLO, | ) | |
| Plaintiff | ) | |
| v. | ) | **Civil Action No. Case 3:20-cv-30111** |
| YELP INC, | ) | |
| Defendants | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S**
**REMOVAL OF THE CASE TO FEDERAL COURT**

Now comes the Plaintiff and submits the following opposition to Defendant's removal of this matter from the Hampden County Superior Court to the Federal Court.

**ARGUMENT**

**1. This Court Has No Jurisdiction Over This Action**

Pursuant to 28 U.S.C. §1331 " the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" 28 U.S.C. §1331. Federal District Courts have subject matter jurisdiction over cases that raise federal questions. Federal District Courts also have jurisdiction over cases where there is diversity of citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. §1331.

The amount in controversy in this case does not exceed $75,000.00 An accurate and true amount for the claim is as follows:

(1) Mr. Mollo contracted with Yelp for prepare a website and advertise his business related to divorce mediation and mortgage remediation:

(2) Yelp failed to correctly post Mr. Mollo's business address and business phone number;

(3) After three months without receiving a single call, Mr. Mollo investigated the situation and learned that Yelp had failed to post his address and his phone number correctly. Mr. Mollo cancelled his account with Yelp;

(4) During that three-month period of time Mr. Mollo spent $1,451.51 for Yelp's services;

(5) In 2014, the last year that Mr. Mollo worked, he made $62,050.00 in annual earnings doing conflict mediation. This calculates to $5,170.83 per month;

(6) Mr. Mollo is alleging that Yelp used the wrong address and phone number on the website resulting in no business for a three (3) months period of time.

(7) The total loss to Mr. Mollo is thus $16,964.00 [($5,170.83 x 3) + $1,451.51);

(8) Mr. Mollo brought this claim under Massachusetts General Laws, Chapter 93A §§ 9 and 11 (The Massachusetts Consumer Protection Act)

(9) In those cases where the court finds that a defendant has intentionally engaged in an unfair and deceptive business practice, the court may award a successful plaintiff double or triple damages.

(10) Assuming Mr. Mollo was successful in asserting a claim of "triple damages," he would be entitled to $50,892.00;

The plaintiff is in agreement that multiple damage claims should be included in the amount-in-controversy calculation. However, even with triple damages taken into consideration the amount in controversy is only $50,892.00 which is well under $75,000.00 federal jurisdiction limit. Since the necessary requirement for removal has not been met, this court does not have

jurisdiction over this matter.

The plaintiff asks that this matter be returned to the Hampden County Superior Court, Department of the Trial Court of the Commonwealth of Massachusetts, Docket Number 2079 CV 00198.

**CONCLUSION**

WHEREAS (1) the amount in controversy is below the required $75,000.00 to be permit removal to Federal Court; and (2) the complaint does not involve a question of federal law;

ACCORDINGLY, the Federal Court lacks jurisdiction over this case and the complaint must be remanded back to the Massachusetts Trial Courts.

|  |  |
|---|---|
|  | Respectfully submitted<br>THE PLAINTIFF,<br>By his attorney |
| Dated: July 27, 2020 | /s/   Alfred P. Chamberland<br>Alfred P. Chamberland<br>BBO#: 564151<br>5A Arthur Street -- PO Box 217<br>Easthampton, MA 01027<br>Office (413) 529-0404<br>Fax (413) 529-0347<br>Cell (413) 210-6579<br>E-mail: Attorney.Chamberland@gmail.com |

VERIFICATION

I, Alfred P. Chamberland, hereby certify that the above document was served via ECF to the parties and court. I verify that the contents of this motion to be true and accurate to the best of my knowledge.

/s/   Alfred P. Chamberland
Alfred P. Chamberland