UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

)
PETER J. MOLLO, )
)
Plaintiff )
)
v. ) **Civil Action No. Case 3:20-cv-30111**
)
YELP INC, )
)
Defendants )
)

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) and
ALTERNATIIVE MOTION TO TRANFER PURSUANT TO 28 U.S.C. §1404**

Now comes the Plaintiff and submits the following opposition to Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Alternative Motion to transfer the case to San Francisco County California.

**FACTUAL BACKGROUND**

The plaintiff, Peter Mollo [hereinafter MOLLO] retained the defendant, Yelp, Inc. [YELP] in order to establish a website and provide on line advertising. MOLLO who had retired from practicing law in New York sought to establish a small professional service business in Massachusetts providing mediation services. YELP agreed to provide the services MOLLO requested. In doing so, YELP published the wrong address and phone number for MOLLO's business.

After MOLLO had paid YELP a total of $1,451,51 for three months service, MOLLO realized YELP's error and canceled the agreement. As YELP had posted the wrong phone

number and address, MOLLO realized no business for those three months. MOLLO calculates his loss of income for that three-month period of time as $15,512.49. MOLLO sent a demand letter to YELP pursuant to Massachusetts General Laws, Chapter 93A alleging an unfair and deceptive trade practice. YELP never replied to the demand letter.

MOLLO than brought an action in the Hampden County Superior Court in Springfield, Massachusetts. YELP has sought to remove that matter to federal court asserting diversity jurisdiction. MOLLO has filed an Opposition to the Removal of the case from state court to federal court.

**ARGUMENT**

**1.     This Court Has No Jurisdiction to hear the Defendant's 12(b)(6) Motion**

As stated in MOLLO's Opposition to Defendant's Removal of the Case to Federal Court, the federal district court does not have jurisdiction over this case because the case neither raises a federal question nor is qualifies for removal under diversity jurisdiction. The amount is controversy does not exceed $75,000.00 [see: 28 U.S.C. § 1332]. Since the federal court does not have jurisdiction over this matter, the case should be remanded to the State Court to address the issues of arbitration and jurisdiction raised in the Defendant's memorandum.

**2.  Defendant has violated Rule 12 (b)(6) pleadings**

In ruling on a Rule 12(b)(6) motion to dismiss, the court may only consider the allegations in the complaint, any exhibits attached to the complaint, and any matters subject to judicial notice. If matters outside the pleadings, such as affidavits are presented to the court and are not excluded by the court, then the motion is treated as a motion for summary judgment under Rule 56 and all parties are to be given the opportunity to present all material information for the court's consideration. Vega-Rodriguez v. Puerto Rico Telephone Co., 110 F.3d 174, 177

(1st Cir. 1997). The Defendant has attached a "Declaration" from Ian MacBean, the Director of User Operations at Yelp, Inc. Attached to the "Declaration" are four exhibits. None of these attachments are part of the allegations to the complaint. The Court should either deny the Defendant's Motion to Dismiss outright or treat the Motion to Dismiss as a Rule 56 Motion for Summary Judgment and permit the parties to engage in discovery on the issues raised by the Defendant.

**3. Forum Selection Clause**

    **a) Who decides arbitrability**

Generally speaking, a court decides "gateway" issues relating to arbitration, including whether there is a valid arbitration agreement and whether it applies to a particular controversy. Green Tree Finance Corp. v. Bazzle, 539 U.S. 444, 452 (2003). "Courts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clear and unmistakable' evidence that they did so." First Operations of Chi. Inc. v. Kaplin, 514 U.S. 938, 943 (1995). (quoting AT&T Techs, Inc. v. Comm'cns Workers of America, 475 U.S. 643, 649 (1986). Prior to dismissal, the plaintiff is entitled to discovery in order to litigate the issue of arbitrability in this case.

    **b) Unconscionability**

The arbitration agreement is written *in fine print*, consists of twelve (12) pages, is provided to the consumer on-line and in this case is not supported by a signature of the plaintiff. The Agreement is substantially unconscionable because it both totally one-sided and harsh. The entire agreement is one-sided in favor of YELP, Inc. Further, the arbitration exclusivity is unduly cost prohibitive, especially as to individuals residing outside of San Francisco County, California. Forcing the plaintiff into arbitration is so one-sided as to be oppressive and unfairly surprising. There is an overall imbalance in the parties' rights and obligations and a significant

cost-price disparity rendering the Arbitration Clause unconscionable See: <u>Kinkel v. Cingular Wireless, LLC., 223 Ill. 2d. 1, 857 N.E.2d 250, 267</u> (2006)

## **CONCLUSION**

WHEREAS: (1) the federal district court does not have jurisdiction over this matter; (2) the Defendant's Motion to Dismiss Pursuant to Fed. R. Civ P. 12(b)(6) violates the Rule by incorporating extraneous material and must be treated as a Rule 56 motion requiring discovery; and (3) the arbitration agreement is unconscionable,

ACCORDNIGLY: The motion to dismiss or in the alternative transfer the case, must be denied as the case should be remanded to the Hampden County Superior Court in Springfield, Massachusetts.

|  |  |
|---|---|
|  | Respectfully submitted<br>THE PLAINTIFF,<br>By his attorney |
| Dated: July 24, 2020 | /s/  Alfred P. Chamberland<br>Alfred P. Chamberland<br>BBO#: 564151<br>5A Arthur Street -- PO Box 217<br>Easthampton, MA 01027<br>Office (413) 529-0404<br>Fax (413) 529-0347<br>Cell (413) 210-6579<br>E-mail: Attorney.Chamberland@gmail.com |

## VERIFICATION

I, Alfred P. Chamberland, hereby certify that the above document was served via ECF to the parties and court. I verify that the contents of this motion to be true and accurate to the best of my knowledge.

/s/   Alfred P. Chamberland
Alfred P. Chamberland