UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **PETER J. MOLLO,** | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | Civil Action No. 3:20-cv-30111-MGM |
| **YELP INC.,** | ) ) ) | |
| Defendant | ) ) ) | |

**Yelp Inc.'s Assented-to Motion for Leave to Reply to
Plaintiff's Opposition to Removal of the Case to Federal Court, ECF 10, and
<u>Plaintiff's Opposition to Defendant's Motion to Dismiss, ECF 11</u>**

With the Plaintiff Peter Mollo's ("Mollo") assent, Yelp Inc. ("Yelp") respectfully moves for leave to file a reply to Mollo's Opposition to Removal of the Case to Federal Court, ECF 10 ("Opposition to Removal"), and Opposition to Defendant's Motion to Dismiss, ECF 11 ("Opposition to Dismissal"). In support of this request, Yelp states:

1. Pursuant to Local Rule 7.1(b)(3), Yelp must obtain prior leave of court to file a reply brief.

2. Mollo's Opposition to Removal is styled as an objection but reads like a motion for remand. It is unclear whether the Court will treat the Opposition to Removal as an objection or a motion. As a result, it is unclear whether Yelp needs to seek leave to respond. However the filing is treated, Yelp seeks leave to brief the Court on the amount-in-controversy question, and whether Mollo can downwardly revise the damages identified in his complaint. *See Law Office*

1

*of Joseph J. Cariglia, P.C. v. Jelly*, 146 F. Supp. 3d 251, 255 (D. Mass. 2015) ("It is well established that 'events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached.'").

    3.    Mollo's Opposition to Dismissal focuses on the Mollo-Yelp contract's arbitration clause, which, due to the First Circuit's constraints on compelling arbitrations to occur outside the judicial district, Yelp has not yet sought to enforce. Still, Mollo raises two arguments, to which Yelp seeks leave to respond:

    a. First, Mollo claims that, because Yelp authenticated and submitted the Mollo-Yelp contract, the Court must treat Yelp's motion as a motion for summary judgment. Yelp seeks to brief the law permitting the Court to review the contract on a Rule 12(b)(6) basis. *Watterson v. Page*, 987 F.2d 1, 3–4 (1st Cir. 1993) (Court may review "documents the authenticity of which are not disputed by the parties . . . for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint."); *see also Claudio-De Leon v. Sistema Universitario Ana G. Mendez*, 775 F.3d 41, 46 (1st Cir. 2014) (Rule 12(b)(6) permits Court to review contract when deciding motion to dismiss based on forum selection clause). Yelp also seeks leave to respond to Mollo's related argument that discovery is warranted before an order issues.

    b. Second, Mollo claims that the arbitration clause is unconscionable. Yelp seeks to brief the applicable law governing unconscionability. The reply would include briefing of an analogous case decided by the First Circuit,

finding that arbitration clauses of this kind are not unconscionable. *Bekele v. Lyft, Inc.*, 918 F.3d 181 (1st Cir. 2014).

4. Yelp proposes to file one document to respond to Mollo's Opposition to Removal and Opposition to Dismissal, on or before Tuesday, August 11, 2020.

5. Counsel of record have conferred and counsel for Mollo assents to the allowance of this Motion.

WHEREFORE, Defendant Yelp. Inc. respectfully requests that the Honorable Court:

A. Grant the within motion;

B. Accept Yelp's proposed reply brief, to be filed on or before August 11, 2020; and

C. Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

YELP INC.
By its attorneys,
HOEFLE, PHOENIX, GORMLEY &
ROBERTS, PLLC

Date: August 3, 2020

/s/ Jacob J.B. Marvelley_____
Jacob J.B. Marvelley (BBO No. 683223)
127 Parrott Avenue
Portsmouth, NH 03801
(603) 436-0666
jmarvelley@hpgrlaw.com

**CERTIFICATE PURSUANT TO LR 7.1(A)(2)**

Pursuant to Local Rule 7.1(a)(2), counsel for the movant conferred with Plaintiff's counsel, who assents to the allowance of this motion.

Date: August 3, 2020

/s/ Jacob J.B. Marvelley_____
Jacob J.B. Marvelley (BBO No. 683223)

3

4

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 3, 2020, a true copy of the foregoing document was served via the Electronic Case Filing system on counsel for Plaintiff, Alfred Chamberland, Esquire.

                                            /s/ Jacob J.B. Marvelley
                                            Jacob J.B. Marvelley (BBO No. 683223)