UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PETER J. MOLLO, | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. 3:20-cv-30111-MGM |
| YELP INC., | ) | |
| Defendant | ) | |

**Yelp Inc.'s Consolidated Reply Brief to
Plaintiff's Opposition to Removal of the Case to Federal Court, ECF 10, and
Plaintiff's Opposition to Defendant's Motion to Dismiss, ECF 11**

**Introduction**

Defendant Yelp Inc. properly removed this case to this Court to seek dismissal or transfer pursuant to the parties' mandatory forum selection clause. This consolidated reply brief addresses Plaintiff Peter Mollo's ("Mollo") arguments to remand the case, and to avoid dismissal or transfer. As explained below, Mollo's arguments are unavailing.

Mollo opposes removal based on an unsworn, post-removal revision of his Verified Complaint's claims. However, plaintiffs cannot downwardly revise their claimed damages to escape diversity jurisdiction. Unless Mollo pled his Verified Complaint in bad faith, his complaint's demand controls without consideration of his likelihood of success on the merits. Additionally, since Mollo pleads a statutory fee shift, the Court accounts for his fees when deciding the amount in controversy so, even accepting Mollo's revisions *arguendo*, removal was appropriate.

Mollo opposes dismissal on a very limited basis: he claims that Yelp violated Rule 12 by attaching the Yelp-Mollo contract, and that the Yelp-Mollo contract's arbitration clause is unconscionable. However, Mollo's argument is irrelevant because Yelp does not seek to enforce the arbitration clause in its motion to dismiss or transfer. Instead, Yelp seeks to enforce the exclusive forum-selection clause in favor of the state and federal courts located within San Francisco County, California. Mollo fails to even address the exclusive forum-selection clause, which alone warrants granting Yelp's motion. Further, as explained below, the Court may decide Yelp's motion to dismiss or transfer using a Rule 12 review, and there is no indicia of either procedural or substantive unconscionability here, as Yelp reasonably communicated the terms and Mollo affirmatively acknowledged the terms at the time of contract.

### Response to Plaintiff's Opposition to Removal

Since Mollo sought, under oath, more than $75,000 in his Verified Complaint, his post-removal efforts to downplay his damages are unavailing. When deciding the amount in controversy, "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Stewart v. Tupperware Corp.*, 356 F.3d 335, 338 (1st Cir. 2004) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). The First Circuit adopted that rule when evaluating a case that was initially filed in federal court, but this District applies the same rule when deciding whether to remand a removed case. *Bates v. Life Care Centers of Am., Inc.*, 989 F. Supp. 2d 176, 178 (D. Mass. 2013) (citing *St. Paul Mercury Idem. Co.*, 303 U.S. at 288); *McCarthy v. Bank of New York/Mellon*, No. CIV.A.10-10486-GAO, 2010 WL 2144241, at *1 (D. Mass. May 27, 2010).

Mollo's likelihood of success on the merits is largely irrelevant to the Court's amount-in-controversy analysis. *Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009)

(citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover."). Relatedly, a plaintiff's post-removal concessions do not impact the Court's jurisdictional analysis. *Law Office of Joseph J. Cariglia, P.C. v. Jelly*, 146 F. Supp. 3d 251, 255 (D. Mass. 2015) (quoting *St. Paul Mercury Indem. Co.*, 303 U.S. at 293 ("It is well established that 'events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached.'").

In his Opposition to Removal, Mollo undercuts his Verified Complaint's claim. Mollo now claims his single damages total $16,964.00, which, if trebled pursuant to statute, would total $50,892.00. ECF 10 at 2. Those unsworn concessions are not eligible for consideration because Mollo made them after removal. *Jelly*, 146 F. Supp. 3d 251, 255. They also conflict with Mollo's Verified Complaint, which was presumably submitted in good faith.

Mollo, who was licensed to practice law in New York and holds himself out as a mediator in Massachusetts with 22 years of experience, would understand the import of averring that he has "read the allegations contained in the 7 pages and 41v (sic) paragraphs and that the facts alleged are true to the best of [his] knowledge, belief and memory." ECF 14 at 11. Presumably, Mollo would argue that the claims in his Verified Complaint were made in good faith. Therefore, the Court should calculate the amount in controversy using the sum that Mollo claimed in his Verified Complaint. *Stewart*, 356 F.3d at 338 (quoting *St. Paul Mercury Indemnity Co.*, 303 U.S. at 288-89 ("unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.")). In addition, Mollo's counsel,

by filing the Verified Complaint in state court, has also certified that "there is a good ground to support it". Mass. R. Civ. P. 11(a) ("The signature of an attorney to a pleading constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is a good ground to support it; and that it is not interposed for delay.").

Mollo's Verified Complaint contains a rationale (albeit a meritless one) for his claimed damages. Mollo claims that he paid Yelp to reformat and maintain a website for him, but he had not received "a single call for mediation . . . or mortgage remediation services," and that the reason was that Yelp had not updated Mollo's website. ECF 14 at 7, ¶¶ 16-18. Mollo claims that between January 2019 and December 2019, he tried to get Yelp to correct the website, to no avail. *Id.*, ¶ 19. Mollo claims that, in 2014, he earned $62,050.00 from running his business. *Id.* at 6, ¶ 10. He claims that he suffered $62,050.00 in "foreseeable losses," presumably for a complete loss of income during the period January through December 2019. *Id.* at 8, ¶ 30; *id.* at 9, ¶ 35. Mollo demands "triple damages" pursuant to Mass. Gen. Laws. Chapter 93A "in the amount of $187,515.00". *Id.* at 8, ¶ 30; *id.* at 9, ¶ 35. While Mollo's likelihood of success is low, that is not the applicable test to determine jurisdiction. *Amoche*, 556 F.3d at 51.

Even if the Court considered Mollo's post-removal revisions, the case would still satisfy the jurisdictional limit. When calculating a case's amount in controversy, the Court must consider an attorney's fees request when those fees may be statutorily authorized. *Lucas v. Ultima Framingham LLC*, 973 F. Supp. 2d 98, 101 (D. Mass. 2013) (citing *Spielman v. Genzyme Corp.,* 251 F.3d 1, 6 (1st Cir.2001)). Here, Mollo now argues that his trebled damages total $50,892.00. Mollo asserts a claim under Mass. Gen. Laws ch. 93A, § 11, which provides a fee shift.

While the Court would have discretion in making its award of attorney's fees (and setting aside the merits), it is reasonable to conclude that Mollo would seek more than $24,108.00 in attorney's fees to conduct discovery, oppose summary judgment, and try the case to a jury. Therefore, even based on Mollo's attempted revision of his demand, the case still satisfies the amount-in-controversy requirement.

When deciding the amount in controversy, the Court focuses on the plaintiff's complaint. Here, Mollo plainly claimed he was entitled to far more than $75,000.00.  The Court should reject Mollo's efforts to undercut the damages claim he verified in his complaint.  Even if the Court accepts Mollo's revisions, his request for a statutory attorney's fees propels the amount in controversy beyond the $75,000.00 threshold.  The Court should conclude that the case satisfies the amount-in-controversy requirement and retain the case.

### Response to Plaintiff's Opposition to Dismissal

The Court should dismiss or transfer Mollo's suit because the parties entered a valid, enforceable contract that contains an exclusive forum-selection clause requiring litigation in the state and federal courts located within San Francisco County, California (as well as a California choice-of-law clause).   Mollo makes limited arguments in opposing dismissal or transfer; he only argues that 1) the Court should deny Yelp's Rule 12(b)(6) motion or treat it as a Rule 56 motion because it cites outside materials, and 2) the "arbitration agreement" is unconscionable.

The limited nature of Mollo's objection is noteworthy.  Mollo does not contest Yelp's facts surrounding the procedure he followed to contract with Yelp.  Mollo completed an online form to purchase services from Yelp.  To do so, Mollo had to click a button labeled "Start Advertising," above which was the text "By clicking Start Advertising, I agree to this Order Form and the Yelp Master Advertising Terms."  "Yelp Master Advertising Terms" was in blue

font and hyperlinked, taking Mollo to a separate webpage showing the Yelp Master Advertising Terms. Mollo does not contest the accuracy of the Yelp Master Advertising Terms submitted as ECF 5-6. He does not claim that Yelp was his only website advertising option. Nor does he even claim that he was unaware of the forum-selection clause or that he failed to read that portion of the Yelp-Mollo contract. Given Mollo's limited challenge and the law governing unconscionability, the Court should dismiss or transfer the case.

### 1. The Court should resolve Yelp's motion under Rule 12(b)(6).

Yelp properly submitted, and the Court can properly review, the Yelp-Mollo contract using a Rule 12 standard. The Court may review "documents the authenticity of which are not disputed by the parties . . . for documents central to the plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Watterson v. Page*, 987 F.2d 1, 3–4 (1st Cir. 1993); *see also Claudio-De Leon*, 775 F.3d at 46. In *Claudio-De Leon*, the First Circuit Court of Appeals explained that motions to dismiss based on a forum selection clause can be granted under Rule 12(b)(6). *Claudio-De* Leon, 775 F.3d at 46. The plaintiff did not attach his employment contract, which contained a forum selection clause. *See id.* The Court nevertheless reviewed the contract when deciding the defendant-employer's motion to dismiss because the parties did not dispute the document's authenticity, it was central to the plaintiff's claim, and it was sufficiently referred to in the plaintiff's complaint. *Id.* (citing *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir.1998).

Here, Mollo does not dispute the authenticity of the Yelp-Mollo contract. To the contrary, he alleges in his Verified Complaint that Yelp breached the contract, and his remaining consumer-protection claims similarly depend on the commercial relationship that arose because of the contract. Since the forum-selection clause's enforceability depends, in part, on reasonable

notice of the contract's terms, and Mollo's affirmative acknowledgement of the contract (briefed *infra*), it was appropriate for Yelp to authenticate screen shots depicting the notice to Mollo and the manner in which Mollo accepted the terms. Otherwise, the Court would be unable to consider "circumstances surrounding the formation of the contract," which involves facts that Mollo did not allege in his Verified Complaint.

Even if the Court were to convert to a Rule 56 analysis, Yelp would still prevail. Mollo submitted no evidence to the Court and did not dispute any aspect of Yelp's authenticating declaration. Mollo's claim that the parties should engage in discovery on the issues raised by Yelp is also unavailing. He does not dispute the material facts, much less claim that material facts are unavailable to him. *See* Fed. R. Civ. P. 56(d) (setting standard for seeking additional time to respond to motion for summary judgment).

Additionally, Mollo's Rule 12-based argument does not impact on Yelp's Alternative Motion to Transfer Pursuant to 28 U.S.C. § 1404. Mollo does not assert (nor can he) that the Court is limited to a review of his complaint when deciding the motion to transfer.

**2. The exclusive forum-selection clause in the Yelp-Mollo contract is enforceable.**

The exclusive forum-selection clause in the Yelp-Mollo contract (which Mollo fails to address in his opposing papers) is enforceable. The contract selects California law, which is substantially the same as Massachusetts' law as concerns conscionability: both states look to whether the contract is either procedurally or substantively unconscionable. Evaluating enforceability is the last step in a three-step test and is considered with a strong presumption that the forum-selection clause is enforceable. *Claudio-De Leon*, 775 F.3d at 47. And the "heavy burden of proof" rests with the party opposing the enforcement of the forum selection clause.

*Carter's of New Bedford, Inc. v. Nike, Inc.* 790 F.3d 289, 292 (1st Cir. 2015) (citing *Claudio-De Leon*, 775 F.3d at 48).

      *a. The Yelp-Mollo contract is procedurally conscionable.*

To determine procedural conscionability, California and Massachusetts law consider whether Mollo has been put on reasonable notice of the contract's terms and conditions, and the manner of Mollo's acceptance.  In *Fagerstrom v. Amazon.com, Inc.*, the Southern District of California explained that issues of assent are resolved by determining whether website operator or service provider put a customer on "reasonable notice" of its terms and conditions.  141 F.Supp.3d 1051, 1069 (S.D. Cal. 2015). "Courts have . . . been more willing to find the requisite notice for constructive assent where . . . the user is required to affirmatively acknowledge the agreement before proceeding with use of the website." *Cordas v. Uber Techs., Inc.*, 228 F.Supp. 3d 985, 990 (N.D. Cal. 2017) (citation omitted).  For example, the Northern District of California enforced a contract when a website operator informed the plaintiffs that, by clicking "Accept and Continue" and clicking "Submit Order," they were agreeing to the website's terms of use. *Nevarez v. Forty Niners Football Co., LLC*, No. 16-CV-07013, 2017 WL 3492110, at * 8 (N.D. Cal. Aug. 15, 2017).

      Similarly, in Massachusetts, forum selection clauses in online contracts "will be enforced provided they have been reasonably communicated and accepted." *Cullinane v. Uber Techs., Inc.*, 893 F.3d 53, 61–62 (1st Cir. 2018) (quoting *Ajemian*, 987 N.E.2d at 611).

      Mollo challenges whether the arbitration clause was unfairly buried in the Yelp-Mollo contract, but he does not challenge whether Yelp gave him reasonable notice of the Yelp-Mollo contract itself.  Mollo does not dispute that, to submit his order to Yelp, he had to enter his billing information and click the "Start Advertising" button.  ECF 5-5.  Directly above that "Start

Advertising" button was black text with a blue hyperlink stating, "By clicking Start Advertising, I agree to this Order form and the Yelp Master Advertising Terms."  Mollo does not claim that he failed to see the Yelp Master Advertising Terms, and he does not deny clicking the "Start Advertising" button.  Nor can he: he seeks to enforce the contract and sue for its alleged breach.

As concerns the Yelp-Mollo contract itself, Mollo claims that the arbitration clause is unconscionable because it is contained in a 12-page contract and "written *in fine print*."  ECF 11 at 3 (emphasis in original).  But the arbitration clause is irrelevant to the pending motion.  Yelp seeks to enforce the exclusive forum-selection clause, which is not "written in fine print"—to the contrary, it is called out in ALL CAPITALS in the contract.  Nor is the contract 12 pages—the English language version of the contract runs fewer than 4.25 pages when printed; the remainder of the document consists the same contract terms printed in Spanish and Chinese.  ECF 5-6.  Further, parties' dispute resolution agreements—as to forum, arbitration, and choice of law—are contained under a large, bold font heading titled "Choice of Law and Arbitration."  ECF 5-6 at 4.  Mollo had notice of the contract, and the contract itself clearly identified the forum selection clause—which is the only one the Court need consider to grant Yelp's motion.

> b. *Though not at issue, the arbitration clause in the Yelp-Mollo contract is also enforceable.*

As Yelp explained in its motion (ECF 8 at 2), the Court cannot compel arbitration outside of this judicial district, so any contest as to the enforceability of the arbitration clause is for another day (and another Court).  In any event, the arbitration clause in the Yelp-Mollo contract is enforceable because it offers a cost-effective resolution that is not "one-sided" or "harsh".  Mollo argues that arbitration would be cost prohibitive.  In Massachusetts, "an arbitration-fee-splitting arrangement is not substantively unconscionable when the arbitration fees a plaintiff would owe amount to less than the damages the plaintiff claims."  *Bekele v. Lyft, Inc.*, 918 F.3d

9

181, 188 (2019). Here, the Yelp-Mollo contract selects the American Arbitration Association's ("AAA") Commercial Arbitration Rules. Mollo controls his arbitration expenses, which depend on the amount his claim and are between $1,725 and $5,100. (The fee schedule is available at https://www.adr.org/sites/default/files/Commercial_Arbitration_Fee_Schedule_1.pdf.) In his Verified Complaint, Mollo sought single damages of $63,525.51, and treble damages of $187,515.00. ¶¶ 30, 35. Therefore, the arbitration fees amount to far less than Mollo's claimed damages, so the fee provision is substantively conscionable.

Similarly, the arbitration clause is not in any sense one-sided. There is no additional cost for a complainant residing outside of San Francisco County, as the parties may "choose for themselves whether to appear in person, by phone, or through the submission of documents." ECF 5-6 at 4. It also provides for a prevailing-party attorney's fee shift. *Id.* ("The prevailing party shall be entitled to an award of reasonable attorney fees for any action under these Terms."). The contract allows the parties to decide how they wish to participate in the arbitration, and to recover their fees if they prevail.

Mollo had reasonable notice of the contract's terms and accepted them. The terms are fair and conscionable and should therefore be enforced.

## Conclusion

Under the pains and penalties of perjury, Mollo alleged claims in excess of the $75,000.00 jurisdictional floor, so the Court should not remand the case. Mollo's limited challenge to dismissal or transfer—that the irrelevant arbitration clause in the Yelp-Mollo contract is one-sided—is not supported by the facts or applicable law. The Court should dismiss Mollo's complaint or transfer it to the United States District Court for the Northern District of California—San Francisco Division.

Respectfully submitted,

YELP INC.
By its attorneys,
HOEFLE, PHOENIX, GORMLEY &
ROBERTS, PLLC

Date: August 11, 2020                              /s/ Jacob J.B. Marvelley_____
                                                   Jacob J.B. Marvelley (BBO No. 683223)
                                                   127 Parrott Avenue
                                                   Portsmouth, NH 03801
                                                   (603) 436-0666
                                                   jmarvelley@hpgrlaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that on August 11, 2020, a true copy of the foregoing document was served via the Electronic Case Filing system on counsel for Plaintiff, Alfred Chamberland, Esquire.

/s/ Jacob J.B. Marvelley_____
Jacob J.B. Marvelley (BBO No. 683223)
